UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JASON CAMPBELL,

                  Plaintiff.

- against -

THE CITY OF NEW YORK, POLICE
OFFICER ESTHARLIN LOPEZ, SHIELD #
17248, DETECTIVE VASILIOS
VASILOPOULOS, SHIELD # 955623,
DETECTIVE RAYMOND HIGGINS,
SHIELD # 28788, POLICE OFFICER
ALEXANDER CABALLERY, SHIELD #
21951, POLICE OFFICER ANDREW
DEMICHAEL, SHIELD # 12438,
POLICE OFFICER MICHAEL NUCCIO,
SHIELD # 27488, AND
POLICE OFFICER AMADO LIPANA,

                  Defendants.

-------------------------------------------------------------------X

**CIVIL COMPLAINT**

Case Number:  22-2872

*JURY TRIAL DEMANDED*

Plaintiff Jason Campbell, by his attorneys, Law Office of Caner Demirayak, Esq., P.C., complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1.     Plaintiff brings this civil rights action seeking relief for the violation of plaintiff's rights secured by 42 USC 1983, 1985, and 1988, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and for violations of plaintiff's federally protected procedural and substantive Due Process rights. Plaintiff's claims arise from a series of incidents that arose on or about March 4, 5, 8, 9, 10 2021, January 13 and 14, 2022 and May 21 and 22, 2022 culminating in four dismissals of baseless criminal cases against plaintiff with the last dismissal on March 3, 2023. During the incidents, the defendants, members of the New York City

1

Police Department subjected plaintiff to, among other things, false arrest, unlawful imprisonment, excessive and unreasonable force, malicious prosecution, deprivation of property rights and violations of plaintiff's rights against illegal searches and seizures.

2.      Each of the four unlawful arrests and prosecutions will be set forth as several separate causes of action. Together, they set forth a clearly plausible claim for *Monell* liability of the City of New York as per the pattern and practice of the 70th Police Precinct as against plaintiff.

3.       Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory damages from the municipal, governmental and agency defendants, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## Jurisdiction

4.      This action is brought pursuant to 42 U.S.C. 1983, 1985 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

5.      As such jurisdiction of this Court is founded upon 28 U.S.C. 1331, 1343 and 1367.

6.      Plaintiff exhausted all administrative remedies prior to commencement of this action and timely filed Notices of Claims upon the Comptroller's Office prior to commencement.

7.      Plaintiff appeared for and completed his 50-h statutory hearings prior to commencement.

8.      This action was timely commenced within three (3) years of March 3, 2023, October 2022, May 27, 2022, and November 26, 2021 (the date of dismissal of all charges and when the statute of limitations on all claims herein began to accrue), for the federal claims and within one (1) year and ninety (90) days thereof for the State and City law claims.

## Venue

9.      Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), as such district in the district in which the claims herein arose.

## Parties

10.     Plaintiff, Jason Campbell is a black male who is a resident of the County of Kings, City and State of New York.

11.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the municipal corporation, CITY OF NEW YORK. Such defendant, through its various agents and employees violated plaintiff's rights as described herein.

12.     At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER ESTHARLIN LOPEZ, SHIELD # 17248, DETECTIVE VASILIOS VASILOPOULOS, SHIELD # 955623, DETECTIVE RAYMOND HIGGINS, SHIELD # 28788, POLICE OFFICER ALEXANDER CABALLERY, SHIELD # 21951, POLICE OFFICER ANDREW DEMICHAEL, SHIELD # 12438, POLICE OFFICER MICHAEL NUCCIO, SHIELD # 27488, AND POLICE OFFICER AMADO LIPANA, were duly sworn police officers of said

department and were acting under the supervision of said department and according to their official duties. Such defendants were employed with or worked with the 70th police precinct. Such defendants violated plaintiff's rights as described herein.

13. At all times hereinafter mentioned the defendants, either personally or through their employees were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK and its agency, the New York City Police Department and the 70th Precinct.

## Statement of Facts

## I. The False Weapons Possession Investigation, Arrest and Prosecution of March 4, 2021

15. On March 4, 2021 defendant, POLICE OFFICER ESTHARLIN LOPEZ, SHIELD # 17248, provided false, misleading and inconsistent information in order to obtain a search warrant.

16. The search warrant application was made on the basis of false allegations sworn to by defendant, POLICE OFFICER ESTHARLIN LOPEZ, SHIELD # 17248, and with the assistance of defendant DETECTIVE VASILIOS VASILOPOULOS, SHIELD # 955623.

17.     Defendants LOPEZ and VASILOPOULOS provided these false statements to the Kings County District Attorney's Office and the warrant judge knowing that there was no basis to support the allegations.

18.     These and other allegations, information and evidence were false and the defendants knew they were false when they made them.

19.     On March 4, 2021 defendants LOPEZ and VASILOPOULOS coerced, intimidated, and otherwise compelled a confidential informant to provide false information to the Kings County District Attorney's Office and the warrant judge.

20.     On March 4, 2021 defendants LOPEZ and VASILOPOULOS knew the confidential informant's statements and information were not true, unverified and insufficient to provide probable cause to support a search warrant.

21.     The defendants LOPEZ and VASILOPOULOS provided such confidential informant as a witness anyway knowing the falsity and baselessness of the statements.

22.     On March 5, 2021 defendants along with LOPEZ and VASILOPOULOS executed the illegally obtained search warrant.

23.     The plaintiff was not present at the premises searched as he did not clearly live there, despite false information in the search warrant.

24.     During the search the defendants LOPEZ and VASILOPOULOS learned that the information from the confidential informant did not match the actual premises searched, items recovered and locations where the items were recovered from.

25.     During the search the defendants planted and moved the weapons around in different areas of the premises to support their incorrect and false information.

26.     During the search the defendants staged photographs and planted and moved weapons in their photographs to support their incorrect and false information.

27.     During the search the defendants claimed to have recovered an envelope bearing plaintiff's name on it near the weapons but never produced any photographs or evidence supporting that.

28.     It was later learned during defendant VASILOPOULOS' pre-trial hearing that he did not know where the envelope was recovered from.

29.     It was later learned during defendant VASILOPOULOS pre-trial hearing that he did not know which areas of the premises the weapons were allegedly recovered from.

30.     During the investigation no DNA matched the plaintiff to the weapons.

31.     During the investigation no fingerprints matched the plaintiff to the weapons.

32.     During the prosecution the defendants did not produce the DNA/fingerprint evidence timely.

33.     During the prosecution the trial judge precluded the use of any DNA/fingerprint expert testimony by defendants at trial.

34.     However, the defendants still refused to dismiss the case, until VASILOPOULOS' inconsistent hearing testimony.

35. On March 5, 2021 despite the lack of probable cause defendant VASILOPOULOS issued an I-card for plaintiff's arrest. This was also done despite any evidence of wrongdoing on the part of the plaintiff.

36. On March 8, 2021 the plaintiff was falsely arrested and detained by defendant, DETECTIVE RAYMOND HIGGINS, SHIELD # 28788, on both the false weapons case and another false assault case, which was also later dismissed.

37. Plaintiff was then taken to Kings County Central Booking.

38. Plaintiff was eventually arraigned on a felony criminal complaint on the basis of false allegations supplied by defendants LOPEZ, VASILOPOULOS and HIGGINS.

39. Pursuant to these false statements, false information and fabricated evidence, plaintiff was charged with numerous weapons possession charges.

40. The defendants knew these statements were false when they made them to the Kings County District Attorney's Office.

41. Plaintiff was unable to post bail immediately and was sent to Rikers Island for at least 6 weeks.

42. Plaintiff was eventually indicted on the basis of false allegations supplied by defendants LOPEZ, VASILOPOULOS and HIGGINS.

43. Pursuant to these false statements, false information and fabricated evidence, plaintiff was indicted on numerous weapons possession charges.

44. The defendants knew these statements were false when they made them to the Grand Jury.

45.     Plaintiff was made to continue to return to court for two years and incur legal fees in excess of $15,000.

46.     Eventually, on March 3, 2023 after a suppression hearing the prosecution moved to dismiss the indictment and such motion was granted.

47.     The decision to investigate, search, arrest and prosecute plaintiff was objectively unreasonable under the circumstances.

48.     At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

49.     The factual allegations and testimony sworn to by the individual defendants were materially false and deliberately made to justify the illegal arrest of plaintiff.

50.     At no time did defendants take any steps to intervene in, prevent or otherwise limit the misconduct against plaintiff.

**II.    The False Assault Arrest and Prosecution of March 4, 2021**

51.     On March 4, 2021, the plaintiff was brutally and violently assaulted by a person out on bail for second degree murder charges.

52.     The incident was captured on video.

53.     The video depicted plaintiff lawfully defending himself.

54.     During the assault, plaintiff was a victim and sustained injuries to his eye, body and was bleeding.

55.     Defendant, DETECTIVE RAYMOND HIGGINS, SHIELD # 287880, was assigned to investigate the matter.

56.     Upon arrival at the scene defendant, DETECTIVE RAYMOND HIGGINS, SHIELD # 28788, coerced and compelled the assailant to press charges against plaintiff all the while knowing that the evidence showed plaintiff was an innocent victim.

57.     The assailant was coerced in part due to threats made by defendant HIGGINS as to his pending murder charges.

58.     On March 5, 2021, despite the lack of probable cause defendant HIGGINS issued an I-card for plaintiff's arrest. This was also done despite any evidence of wrongdoing on the part of the plaintiff combined with the video footage showing the plaintiff as a victim.

59.     On March 8, 2021, the plaintiff was falsely arrested and detained by defendant, DETECTIVE RAYMOND HIGGINS, SHIELD # 28788, on both the false assault case and the aforementioned false gun case, which was also later dismissed.

60.     Plaintiff was then taken to Kings County Central Booking.

61.     Plaintiff was eventually arraigned on a felony criminal complaint on the basis of false allegations supplied by defendant HIGGINS.

62.     Pursuant to these false statements, false information and fabricated evidence, plaintiff was charged with numerous assault with a deadly weapon charges.

63.     The defendants knew these statements were false when they made them to the Kings County District Attorney's Office.

64.     The defendant HIGGINS knew the assailant was not a reliable witness and relied upon his false and coerced statements and identification anyway.

65.     Plaintiff was unable to post bail immediately and was sent to Rikers Island.

66.     The prosecution was unable to secure an indictment as the assailant refused to cooperate with the coercive tactics of HIGGINS.

67.     Eventually, on November 26, 2021 the felony complaint was dismissed.

68.     The decision to arrest and prosecute plaintiff was objectively unreasonable under the circumstances.

69.     At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

70.     The factual allegations and testimony sworn to by the individual defendants were materially false and deliberately made to justify the illegal arrest of plaintiff.

71.     At no time did defendants take any steps to intervene in, prevent or otherwise limit the misconduct against plaintiff.

### III.     The False Burglary Arrest and Prosecution of January 13, 2021

72.     On January 13, 2022, the plaintiff was lawfully residing as a tenant in an apartment at 2303 Avenue D, Brooklyn, New York.

73.     Plaintiff had a lease, was paying rent (with receipts) and had a utility account for electricity at 2303 Avenue D, Brooklyn, New York.

74.     On January 13, 2022, the property manager falsely accused plaintiff of burglarizing his own lawful apartment.

75.     On January 14, 2022, defendant, POLICE OFFICER ALEXANDER CABALLERY, SHIELD # 21951, falsely arrested, imprisoned, and detained the plaintiff.

76.     At the time of the false arrest plaintiff advised defendant CABALLERY that he was a lawful tenant who paid rent.

77.     Defendant CABALLERY refused to investigate the exonerating evidence and proceed to bring plaintiff to Central Booking.

78.     It was obvious to CABALLERY that plaintiff was innocent.

79.     Plaintiff was then taken to Kings County Central Booking.

80.     Plaintiff was eventually arraigned on a felony criminal complaint on the basis of false allegations supplied by defendant CABALLERY.

81.     The allegations on the felony complaint, that plaintiff walked into the apartment clearly showed no evidence of burlary.

82.     Pursuant to these false statements, false information and fabricated evidence, plaintiff was charged with numerous burglary and trespass charges.

83.     The defendants knew these statements were false when they made them to the Kings County District Attorney's Office.

84.     Plaintiff was eventually indicted on the basis of false allegations supplied by defendant CABALLERY.

85.     Pursuant to these false statements, false information and fabricated evidence, plaintiff was indicted on numerous burglary and trespass charges.

86.     The defendants knew these statements were false when they made them to the Grand Jury.

87.     Plaintiff was made to continue to return to court and incur legal fees in excess of $15,000.

88.     Eventually, in October 2022 when shown the rent receipts and proof of lawful residence ignored by CABALLERY, the prosecution moved to dismiss the indictment and such motion was granted.

89.     The decision to arrest and prosecute the plaintiff was objectively unreasonable under the circumstances.

90.     At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

91.     The factual allegations and testimony sworn by the individual defendants were materially false and deliberately made to justify the illegal arrest of plaintiff.

92.     At no time did defendants take any steps to intervene in, prevent or otherwise limit the misconduct against plaintiff.

## IV.     The Excessive Force, False Assault on a Police Officer Arrest and Prosecution of May 21-22, 2022

93.     On May 21, 2022, the plaintiff dialed 911 for assistance as a person who he had an order of protection against was harassing him and was trying to communicate with him.

94.     When the police arrived, plaintiff was lawfully present outside and near his current residence.

95.     Plaintiff explained what happened and advised he did not want the person to be arrested and he did not want to press charges.

96.     Defendants POLICE OFFICER ANDREW DEMICHAEL, SHIELD # 12438, POLICE OFFICER MICHAEL NUCCIO, SHIELD # 27488, AND POLICE OFFICER AMADO LIPANA then proceeded to advise plaintiff he must sign a document regarding the incident.

97.     Plaintiff refused and the officers advised someone had to be arrested. However, there was no order of protection against the plaintiff.

98.     Defendants DEMICHAEL, NUCCIO and LIPANA then proceeded to unlawfully arrest the plaintiff without any basis, probable cause or arguable probable cause.

99.     The plaintiff did not resist.

100.    The defendants DEMICHAEL, NUCCIO and LIPANA began to strike plaintiff about the body with closed fists and their boots.

101.    The defendants DEMICHAEL, NUCCIO and LIPANA then body slammed plaintiff onto the ground face first.

102.    Plaintiff was rendered unconscious.

103.    Plaintiff was unable to breathe as pressure was placed on his chest and diaphragm when the defendant officers used excessive force in unlawfully arresting him.

104.    At no point did plaintiff resist or strike any officer with his hands or any part of his body.

13

105.    Plaintiff was then taken to Kings County Central Booking.

106.    Plaintiff was eventually arraigned on a felony criminal complaint on the basis of false allegations supplied by defendants DEMICHAEL and NUCCIO.

107.    Defendants DEMICHAEL and NUCCIO falsely swore that plaintiff had physically assaulted them during the arrest.

108.    Defendants knew these statements were false when they made them.

109.    Pursuant to these false statements, false information and fabricated evidence, plaintiff was charged with numerous assault on a police officer charges.

110.    The defendants knew these statements were false when they made them to the Kings County District Attorney's Office.

111.    As a result, the arraignment judge set bail at $300,000.

112.    During the arraignment the prosecution was shown video footage of the unlawful arrest and excessive force incident showing that plaintiff was innocent.

113.    However, the prosecution did not dismiss the case.

114.    Plaintiff was sent to Riker's Island.

115.    On March 26, 2022 the plaintiff testified before the Grand Jury and explained his innocence.

116.    On March 26, 2022 video footage showing plaintiff's innocence was submitted to the Grand Jury.

117.    Defendants DEMICHAEL, NUCCIO and LIPANA provided false testimony to the Grand Jury.

118.   On March 27, 2022 the Grand Jury voted to completely dismiss the charges against plaintiff.

119.   The decision to arrest and prosecute plaintiff was objectively unreasonable under the circumstances.

120.   At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

121.   The factual allegations and testimony sworn to by the individual defendants were materially false and deliberately made to justify the illegal arrest of plaintiff.

122.   At no time did defendants take any steps to intervene in, prevent or otherwise limit the misconduct against plaintiff.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF NEW YORK, POLICE OFFICER ESTHARLIN LOPEZ, SHIELD # 17248, DETECTIVE VASILIOS VASILOPOULOS, SHIELD # 955623, DETECTIVE RAYMOND HIGGINS, SHIELD # 28788
False Arrest/Unlawful Imprisonment under 42 USC 1983**

123.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 122 with the same force and effect as if fully set forth herein.

124.   Defendants arrested and/or created a custodial situation of plaintiff Jason Campbell without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment as set forth in paragraphs 15 through 50 above.

125.   Defendants caused plaintiff Jason Campbell to be falsely arrested and unlawfully detained as set forth in paragraphs 15 through 50 above.

126.   Defendants intended to confine plaintiff and, in fact, confined plaintiff and plaintiff as conscious of the confinement as set forth in paragraphs 15 through 50 above.

127.   Plaintiff did not consent to the confinement and the confinement was not otherwise privileged as set forth in paragraphs 15 through 50 above.

128.   As a result of the foregoing as set forth in paragraphs 15 through 50 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF NEW YORK AND DETECTIVE RAYMOND HIGGINS, SHIELD # 28788 False Arrest/Unlawful Imprisonment under 42 USC 1983

129.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 128 with the same force and effect as if fully set forth herein.

130.   Defendants arrested and/or created a custodial situation of plaintiff Jason Campbell without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment as set forth in paragraphs 51 through 71 above.

131.   Defendants caused plaintiff Jason Campbell to be falsely arrested and unlawfully detained as set forth in paragraphs 51 through 71 above.

132.   Defendants intended to confine plaintiff and, in fact, confined plaintiff and plaintiff as conscious of the confinement as set forth in paragraphs 51 through 71 above.

133.   Plaintiff did not consent to the confinement and the confinement was not otherwise privileged as set forth in paragraphs 51 through 71 above.

134.   As a result of the foregoing as set forth in paragraphs 51 through 71 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF NEW YORK AND POLICE OFFICER ALEXANDER CABALLERY, SHIELD # 21951 False Arrest/Unlawful Imprisonment under 42 USC 1983

135.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 134 with the same force and effect as if fully set forth herein.

136.   Defendants arrested and/or created a custodial situation of plaintiff Jason Campbell without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment as set forth in paragraphs 72 through 92 above.

137.   Defendants caused plaintiff Jason Campbell to be falsely arrested and unlawfully detained as set forth in paragraphs 72 through 92 above.

138.    Defendants intended to confine plaintiff and, in fact, confined plaintiff and plaintiff as conscious of the confinement as set forth in paragraphs 72 through 92 above.

139.    Plaintiff did not consent to the confinement and the confinement was not otherwise privileged as set forth in paragraphs 72 through 92 above.

140.    As a result of the foregoing as set forth in paragraphs 72 through 92 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS THE CITY OF NEW YORK POLICE OFFICER ANDREW DEMICHAEL, SHIELD # 12438, POLICE OFFICER MICHAEL NUCCIO, SHIELD # 27488, AND POLICE OFFICER AMADO LIPANA
### False Arrest/Unlawful Imprisonment under 42 USC 1983

141.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 140 with the same force and effect as if fully set forth herein.

142.    Defendants arrested and/or created a custodial situation of plaintiff Jason Campbell without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment as set forth in paragraphs 93 through 122 above.

143.    Defendants caused plaintiff Jason Campbell to be falsely arrested and unlawfully detained as set forth in paragraphs 93 through 122 above.

144.   Defendants intended to confine plaintiff and, in fact, confined plaintiff and plaintiff as conscious of the confinement as set forth in paragraphs 93 through 122 above.

145.   Plaintiff did not consent to the confinement and the confinement was not otherwise privileged as set forth in paragraphs 93 through 122 above.

146.   As a result of the foregoing as set forth in paragraphs 93 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF NEW YORK, POLICE OFFICER ESTHARLIN LOPEZ, SHIELD # 17248, DETECTIVE VASILIOS VASILOPOULOS, SHIELD # 955623, DETECTIVE RAYMOND HIGGINS, SHIELD # 28788**
**Malicious Prosecution under 42 U.S.C. 1983**

147.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 146 with the same force and effect as if fully set forth herein.

148.   Defendants initiated, commenced and continued malicious prosecutions as set forth in paragraphs 15-50 above against plaintiff Jason Campbell.

149.   Defendants caused plaintiff Jason Campbell to be prosecuted without any probable cause until the charges were dismissed on or about March 3, 2023.

150.   As a result of the foregoing as set forth in paragraphs 15 through 50 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to

be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF NEW YORK AND DETECTIVE RAYMOND HIGGINS, SHIELD # 28788 Malicious Prosecution under 42 USC 1983

151. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 150 with the same force and effect as if fully set forth herein.

152. Defendants initiated, commenced and continued malicious prosecutions as set forth in paragraphs 51-71 above against plaintiff Jason Campbell.

153. Defendants caused plaintiff Jason Campbell to be prosecuted without any probable cause until the charges were dismissed on or about November 26, 2021.

154. As a result of the foregoing as set forth in paragraphs 51 through 71 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF NEW YORK AND POLICE OFFICER ALEXANDER CABALLERY, SHIELD # 21951 Malicious Prosecution under 42 USC 1983

155.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 154 with the same force and effect as if fully set forth herein.

156.    Defendants initiated, commenced and continued malicious prosecutions as set forth in paragraphs 72-92 above against plaintiff Jason Campbell.

157.    Defendants caused plaintiff Jason Campbell to be prosecuted without any probable cause until the charges were dismissed on or about October 2022.

158.    As a result of the foregoing as set forth in paragraphs 72 through 92 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANTS THE CITY OF NEW YORK POLICE OFFICER ANDREW DEMICHAEL, SHIELD # 12438, POLICE OFFICER MICHAEL NUCCIO, SHIELD # 27488, AND POLICE OFFICER AMADO LIPANA Malicious Prosecution under 42 USC 1983

159.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 158 with the same force and effect as if fully set forth herein.

160.    Defendants initiated, commenced and continued malicious prosecutions as set forth in paragraphs 93-122 above against plaintiff Jason Campbell.

161.    Defendants caused plaintiff Jason Campbell to be prosecuted without any probable cause until the charges were dismissed on May 27, 2022 by the Grand Jury's vote.

162.    As a result of the foregoing as set forth in paragraphs 93 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS THE CITY OF NEW YORK POLICE OFFICER ANDREW DEMICHAEL, SHIELD # 12438, POLICE OFFICER MICHAEL NUCCIO, SHIELD # 27488, AND POLICE OFFICER AMADO LIPANA
### Excessive/Unreasonable Force under 42 U.S.C. 1983

163.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 162 with the same force and effect as if fully set forth herein.

164.    The individual defendants' use of force on May 21-22, 2022 as set forth in paragraphs 93-122 upon plaintiff was objectively unreasonable.

165.    The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, complaint, and did not resist arrest on May 21-22, 2022 as set forth in paragraphs 93-122.

166.   The degree of force was intentional, willful, malicious, egregious, grossly reckless negligent, unconscionable and unprovoked.

167.   As a result of the excessive force and brutality, plaintiff sustained multiple injuries to his body, was rendered unconscious, and has endured emotional and psychological distress.

168.   Those defendants who did not touch the plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

169.   As a result of the foregoing as set forth in paragraphs 93 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Failure to Intervene under 42 U.S.C. 1983

170.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 169 with the same force and effect as if fully set forth herein.

171.   Defendants had an affirmative duty to intervene on behalf of plaintiff Jason Campbell, whose constitutional rights were being violated in their presence by other officers as set forth in paragraphs 15 through 122.

172.   The defendants failed to intervene to prevent the unlawful conduct described herein on each of the four incidences of unlawful conduct as set forth in paragraphs 15 through 122.

173.   As a result of the foregoing, plaintiff Jason Campbell's liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court for each of the four incidences of unlawful conduct as set forth in paragraphs 15 through 122.

174.   As a result of the foregoing as set forth in paragraphs 15 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### Supervisory Liability under 42 USC 1983

175.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 174 with the same force and effect as if fully set forth herein.

176.   The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees in each of the four incidents as set forth in paragraphs 15 through 122.

177.   As a result of the foregoing as set forth in paragraphs 15 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

### AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### 42 USC 1983 Conspiracy

178.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 177 with the same force and effect as if fully set forth herein.

179.   Defendants are liable to plaintiff because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff as the 70th precinct on each of the four incidents s set forth in paragraphs 15 to 122.

180.   As a result of the foregoing as set forth in paragraphs 15 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## Municipal Liability under 42 USC 1983

181.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 180 with the same force and effect as if fully set forth herein.

182.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct as set forth in paragraphs 15 to 122 on the four incidents that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority and the 70th precinct of the New York City Police Department, which is forbidden by the Constitution of the United States.

183.   The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department and 70th precinct included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that as the moving force behind the violation of plaintiff Jason Campbell rights as described herein. In addition, the New York City Police Department has failed to properly train its employees with regard to the proper issuance of summonses, and defendant City was aware that NYPD officers routinely issued baseless and facially insufficient summonses to individuals in response to summons quota's, depriving said individuals of their constitutional rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

26

184.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department and its 70th precinct constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff Jason Campbell.

185.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Jason Campbell as alleged herein as to the four incidents.

186.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department and 70th precinct were the moving force behind the Constitutional violations suffered by plaintiff Jason Campbell as alleged herein as to the four incidents.

187.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff Jason Campbell was unlawfully arrested and maliciously prosecuted on four occasions by the same precinct.

188.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff Jason Campbell constitutional rights on four occasions.

189.    All of the foregoing acts by defendants deprived plaintiff Jason Campbell of federally protected rights, including, but not limited to, the rights to be free from

false arrest/unlawful imprisonment, to be free from the failure to intervene, to receive his right to fair trial, and to be free from malicious prosecution on four occasions.

190.   The defendant and its 70th precinct had a pattern and practice and unwritten policy of targeting plaintiff and violating his rights.

191.   As a result of the foregoing as set forth in paragraphs 15 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### 42 USC 1983 Federal Civil Rights Violations

192.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 191 with the same force and effect as if fully set forth herein.

193.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

194.   All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fist, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and ion violation of 42 USC 1983.

195.   The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment

as New York City Police Department officers with the 70th precinct. Said acts by the Defendants officers and agents were without authority of law, an abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article I, Section 12 of the New York Constitution and the United States Constitution on each of the four occasions and incidences.

196.   As a result of the foregoing as set forth in paragraphs 15 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### Unlawful Search and Seizure

197.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 196 with the same force and effect as if fully set forth herein.

198.   The defendants stopped, arrested and searched without any probable cause or access order and in violation of plaintiffs' rights to due process and against unreasonable searches and seizures of his property on the four incidents set forth in paragraphs 15 to 122.

199.   As a result, plaintiff's privacy rights were violated without a warrant, access order or probable cause on the four incidents set forth in paragraphs 15 to 122.

200.   The defendants obtained a search warrant on the basis of a lack of and falsely conjured probable cause.

201.   Defendants are liable to plaintiff for depriving him of his right to privacy and rights against unlawful searches and seizures pursuant to the Federal and New York State Constitutions without due process of law and without any probable cause on the four incidents set forth in paragraphs 15 to 122.

202.   As a result of the foregoing as set forth in paragraphs 15 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### False Arrest/Unlawful Imprisonment Under New York State Common Law

203.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 202 with the same force and effect as if fully set forth herein.

204.   Defendants arrested and/or created a custodial situation of plaintiff Jason Campbell without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment on four separate occasions as set forth in paragraphs 15 through 122 above.

205.   Defendants caused plaintiff Jason Campbell to be falsely arrested and unlawfully detained on four separate occasions as set forth in paragraphs 15 through 122 above.

206.   Defendants intended to confine plaintiff and, in fact, confined plaintiff and plaintiff as conscious of the confinement on four separate occassions as set forth in paragraphs 15 through 122 above.

207.   Plaintiff did not consent to the confinement and the confinement was not otherwise privileged on four separate occassions as set forth in paragraphs 15 through 122 above.

208.   As a result of the foregoing as set forth in paragraphs 15 through 122 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Malicious Prosecution Under New York State Common Law

209.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 208 with the same force and effect as if fully set forth herein.

210.   Defendants initiated, commenced and continued malicious prosecutions against plaintiff Jason Campbell on four separate occassions as set forth in paragraphs 15 to 122.

211.   Defendants caused plaintiff Jason Campbell to be prosecuted without any probable cause until the charges were dismissed on four separate occasions as set forth in paragraphs 15 to 122.

212.   As a result of the foregoing as set forth in paragraphs 15 through 50 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Negligent Hiring Retention and Training

213.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 212 with the same force and effect as if fully set forth herein.

214.   The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named defendants, individuals who were unfit for the performance of NYPD duties.

215.   As a result of the foregoing as set forth in paragraphs 15 through 50 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be

fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

### AS AND FOR A NINETEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Negligence

216.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 215 with the same force and effect as if fully set forth herein.

217.    Defendants owed a duty of care to plaintiff.

218.    Defendants breached that duty of care by subjecting plaintiff to an illegal search and undue force and unprivileged deprivation of his liberty without sufficient or any cause to do so on four separate occasions as set forth in paragraphs 15 to 122.

219.    As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged. All of the foregoing occurred without any fault by plaintiff.

220.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

221.    As a result of the foregoing as set forth in paragraphs 15 through 50 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

222.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 221 with the same force and effect as if fully set forth herein.

223.   By the actions described herein, the individually named police officer defendants, each acting individually and in concert with one another, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York on four separate occasions as set forth in paragraphs 15 to 122.

224.   As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries on four separate occasions.

225.   The City, as the employer of the defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

226.   As a result of the foregoing as set forth in paragraphs 15 through 50 above, plaintiff Jason Campbell is entitled to compensatory damages in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($2,000,000), plus reasonable attorney's fees, costs and disbursements of this action for each of the four incidents

34

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

I.   Compensatory damages in an amount to be determined by a jury of at least TWO MILLION DOLLARS ($2,000,000);

II.  Punitive damages in an amount to be determined by a jury of at least ONE MILLION DOLLARS ($1,000,000);

III. Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

IV.  Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

THE LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated:      Brooklyn, New York
            April 17, 2023

            _Caner J. Demirayak_
            Caner Demirayak, Esq.
            300 Cadman Plaza West
            One Pierrepont Plaza, 12th Floor
            Brooklyn, New York 11201
            718-344-6048
            caner@canerlawoffice.com